Michael D. Harris, Cal. Bar No. 59,470
mharris@socalip.com
Marina Lang, Cal. Bar No. 251,087
mlang@socalip.com
SOCAL IP LAW GROUP LLP
310 North Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350 • Fax: (805) 230-1355

Attorneys for Plaintiff Athena Cosmetics, Inc.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| Athena Cosmetics, Inc. | No. |
|---|---|
| Plaintiff, | Complaint for Damages and Equitable Relief for (1) Infringement of a Federally Registered Trademark; (2) Violation of 15 U.S.C. § 1125(a); (3) Anticybersquatting under the Consumer Protection Act 15 U.S.C. § 1125(d) and (4) Unfair Competition under California Common |
| v. | |
| Mark Ashton, an individual, Mark Ashton d.b.a. NewVitaLash Inc., Newvitalash, Inc., a business entity of unknown form or state of formation, and Does 1-15, | |
| Defendants. | Jury Trial Demanded |

Plaintiff Athena Cosmetics, Inc. (Athena) for its complaint against defendants Mark Ashton an individual (Ashton), Mark Ashton d.b.a. NewVitaLash Inc., (Ashton-d.b.a.) Newvitalash, Inc., a business entity of unknown form or state of formation (Newvitalash) and Does 1-15 (Defendants), alleges as follows:

### FIRST CLAIM FOR RELIEF

### INFRINGEMENT OF REGISTERED TRADEMARK (15 U.S.C. § 1114)

**A.    Subject Matter Jurisdiction**

1.    This claim for relief arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051-1127.

2.    This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338, 15 U.S.C. § 1121(a) and other federal statutes.

**B.     The Parties, Personal Jurisdiction and Venue**

3.     Plaintiff Athena is a Nevada corporation with its principal place of business at 1838 Eastman Avenue, Suite 200, Ventura, California, in this district.

4.     On information and belief, the principal place of business of defendants Ashton, Ashton d.b.a., Newvitalash and Does 1-15 is at 12100 Wilshire Boulevard, 8th Floor, Los Angeles, California in this district.

5.     Athena sues defendants Does 1–15 under fictitious names. On information and belief, Does 1–5 are entities related to the non-fictitious defendants that use the trademark that is involved in this suit. On information and belief, Does 6–10 distribute products from other defendants and are infringing through their advertising, use or sale of products that use the infringing trademark. Does 11–15 are principals, agents or employees of the other defendants who caused the other defendants to use the infringing trademark. Athena does not know the true names and capacities of Does 1–15. When their true names and capacities are ascertained, Athena will amend this complaint by inserting their true names and capacities.

6.     On information and belief, each defendant does business in this district by advertising and selling goods in this district or by putting goods into the stream of commerce so that the goods will be sold in this district.

7.     This court has personal jurisdiction over defendants because they do business in California and in this district. On information and belief, at least some of the infringing acts that are the subject of this complaint occurred in this state

8.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (e) because each defendant either is a corporation and is subject to personal jurisdiction in California and this district, is an individual who resides or does business in this district or is corporations formed outside the United States doing business in this country.

**C. Plaintiff's Trademark Rights**

9. Plaintiff Athena is in the business of manufacturing and selling cosmetics.

10. Since at least as early as February 21, 2006, Athena has been using the mark REVITALASH continuously on cosmetic preparations for eye lashes in California and outside the state.

11. Since at least as early as December 15, 2008, Athena has been using the mark REVITABROW continuously on eyebrow cosmetics in California and outside the state. This complaint calls the marks REVITALASH and REVITABROW "Athena Marks."

12. Over the past several years, Athena has built a strong reputation for the cosmetics it provides under the Athena Marks . In addition, Athena has devoted substantial resources to promoting the goodwill of its Athena Marks trademark. As a result, Athena has developed strong brand recognition in its Athena Marks cosmetics, and consumers associate the Athena Marks with Athena's cosmetics.

13. Athena owns United States Trademark Registration No. 3,246,814, which issued May 29, 2007, for the mark REVITALASH® for cosmetics preparations for eye lashes (the REVITALASH registration). Exhibit 1 is a copy of the registration certificate.

14. Athena filed, and the Patent and Trademark Office accepted, declarations under Sections 8 and 15 of the Lanham Trademark Act, 15 U.S.C. §§ 1058, 1065, for the registration.

15. Athena's REVITALASH mark is inherently distinctive or has acquired secondary meaning.

16. Athena owns United States Trademark Registration No. 3,588,423, which issued March 10, 2009, for the mark REVITABROW® for eyebrow cosmetics (the REVITABROW registration). Exhibit 2 is a copy of the registration certificate.

17. Athena's REVITABROW mark is inherently distinctive or has acquired secondary meaning.

18. Athena has used the registration symbol "®" consistently with its use of the Athena Marks. Pursuant to 15 U.S.C. § 1111, Althena's use of the registration symbol put defendants on notice of the Athena Mark and subjects defendants to liability for Athena's lost profits and other damages and for defendants' profits.

**D. Defendants' Infringement**

19. Defendants advertise, distribute and sell cosmetics under the trademark NEWVITALASH and NEWVITABROW in California and in interstate commerce.

20. Customers, potential customers and consumers of defendants' NEWVITALASH and NEWVITABROW cosmetics are the same as the customers, potential customers and consumers of plaintiff's REVITALASH and REVITABROW cosmetics.

21. Defendants' use of the marks NEWVITALASH and NEWVITABROW for cosmetics, infringes plaintiff Athena's common law and registered trademark rights in the Athena Marks and likely will cause confusion among consumers, customers, potential customers and the trade that Athena sponsors, authorizes or provides defendants' NEWVITALASH cosmetics.

22. Athena advertises its REVITALASH mark on its www.revitalash.com/ www.revitalash-usa.com/ website.

23. Ashton has registered and is using the domain name www.newvitalash.com. On information and belief, Ashton, another defendant or an agent of a defendant registered the domain name www.newvitalash.pl, which is in Polish, but is available over the Internet to persons in the United States. These domain names contain trademarks that are confusingly similar to Athena Marks. Ashton or other defendants also may have registered other domain names that contain trademarks that are confusingly similar to Athena Marks. www.newvitalash.com, www.newvitalash.pl and any other domain names that contain trademarks that are confusingly similar to Athena Marks are referred to as "Infringing Domain Names."

24. Ashton's illegally-registered Infringing Domain Names incorporate "newvitalash" a term that is confusingly similar to Athena's registered trademark RE-VITALASH.

25. On information and belief, the other defendants are using the Infringing Domain Names.

26. Athena neither licensed nor authorized Ashton or the other defendants to use the Athena Marks or to register or use any Infringing Domain Names.

27. Defendants knew at all relevant times that marks that they used and the domain names that they registered and used were confusingly similar to the Athena Marks.

28. On information and belief, defendants chose and continued using NEWVITALASH and NEWVITABROW and the Infringing Domain Names to trade on Athena's goodwill under the Athena Marks.

29. Defendants' infringement has been and continues to be willful.

30. Defendants' objectionable use of the Athena Marks and other confusingly similar marks is likely to cause confusion, to cause mistake, or to deceive the public as to the affiliation, connection or association of defendants with Athena or as to the origin, sponsorship, or approval of defendants' websites, products or services by Athena or a single source. Additionally, defendants' objectionable use misappropriates Athena's extensive goodwill.

31. Defendants' acts of trademark infringement have been committed with the intent to deceive and cause confusion and mistake, and were otherwise deliberate, knowing, willful or in bad faith.

32. Athena demanded that defendants cease and desist further use of any NEWVITALASH and NEWVITABROW marks, but defendants ignored the demand and continued their infringement.

33. As a proximate and foreseeable result of defendants' infringement, Athena has been damaged in an amount that is presently unknown.

1  34. Athena has been and will continue to be damaged by defendants' infringement of the Athena Marks.

35. Likewise, defendants unjustly earned profits through their unlawful use of NEWVITALASH, NEWVITABROW and the Infringing Domain Names.

36. Through defendants' acts alleged in this complaint, Athena is suffering and will continue to suffer irreparable harm for which Athena has no adequate remedy at law. Unless the court restrains defendants from continuing these wrongful acts, the damage to Athena will increase.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF LANHAM TRADEMARK ACT § 43(a) (15 U.S.C. § 1125(a))

37. This claim for relief arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051-1127.

38. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338, 15 U.S.C. § 1121(a) and other federal statutes.

39. Athena alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above.

40. Defendants' conduct constitutes unfair competition, false description, and false designation of origin in violation of the § 43(a) of the Trademark Act, 15 U.S.C. § 1125(a).

41. Defendants' conduct alleged in this complaint is likely to cause confusion, deception, or mistake among purchasers, potential purchasers and consumers of the cosmetics in the United States and in California.

42. Defendants' use of the marks NEWVITALASH and NEWVITABROW and the Infringing Domain Names violates 15 U.S.C. § 1125(a).

43. Defendants also use the trademark symbol "®" next to all their product trademarks, but it owns no trademark registrations and has no applications pending for any of its marks.

44. Defendants' use of the registration symbol to mislead the public is unfair competition.

45. Defendants represent Newvitalash, Inc. as being a corporation. No company with that name is registered with any secretary of state of any state.

46. Defendants' holding themselves out as a corporation under the name Newvitalash, Inc. is misleading and is unfair competition.

47. As a proximate and foreseeable result of defendants' violations of the Lanham Trademark Act, Athena has been damaged in an amount that is presently unknown. Defendants also have unjustly earned profits that but for their acts complained of here, they would not have earned.

48. Defendants are liable for Athena's damages and defendants' profits.

49. Through defendants' acts alleged in this complaint, Athena is suffering and will continue to suffer irreparable harm for which Athena has no adequate remedy at law. Unless the court restrains defendants from continuing these wrongful acts, the damage to Athena will increase.

### THIRD CLAIM FOR RELIEF

### VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT

### 15 U.S.C. § 1125(d)

50. This claim for relief arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

51. This court has subject matter jurisdiction over this claim for relief under 28 U.S.C. § 1338, 15 U.S.C. § 1121(a) and other federal statutes.

52. Athena alleges and incorporates by reference the allegations contained in paragraphs 1 through 49 above.

53. Defendants have a bad faith intent to profit from Athena's Marks.

54. Athena's Marks were distinctive when defendants registered their Infringing Domain Names.

55. Defendants' Infringing Domain Names were confusingly similar to Athena's Marks when defendants registered their Infringing Domain Names.

56. As a proximate and foreseeable result of defendants' violations of the Anticybersquatting Consumer Protection Act, Athena has been damaged in an amount that is presently unknown. Defendants also have unjustly earned profits that but for their acts complained of here, they would not have earned.

57. Defendants are liable for Athena's damages and defendants' profits.

58. Through defendants' acts alleged in this complaint, Athena is suffering and will continue to suffer irreparable harm for which Athena has no adequate remedy at law. Unless the court restrains defendants from continuing these wrongful acts, the damage to Athena will increase.

## FOURTH CLAIM FOR RELIEF

## CALIFORNIA COMMON LAW UNFAIR COMPETITION

59. This court has subject matter jurisdiction under 28 U.S.C. § 1338(b) in that this is a claim for relief of unfair competition that is joined with a substantial and related claim under the federal trademark laws.

60. Athena alleges and incorporates by reference the allegations contained in paragraphs 1 through 58 above.

61. Defendants' use of the marks NEWVITALASH and NEWVITABROW and the Infringing Domain Names is an act of unfair competition under California common law in that, defendants' conduct alleged in this complaint is likely to cause confusion, deception, or mistake among purchasers, potential purchasers and consumers of the cosmetics in the United States and in California.

62. As a proximate and foreseeable result of defendants' violations of the California common law, Athena has been damaged in an amount that is presently unknown. Defendants also have unjustly earned profits that but for their acts complained of here, they would not have earned.

63. Defendants are liable for Athena's damages and defendants' profits.

64. Defendants have been guilty of oppression, fraud, or malice based upon the acts alleged above. Therefore, defendants are liable to plaintiff for punitive damages.

65. Through defendants acts alleged in this complaint, Athena is suffering and will continue to suffer irreparable harm for which Athena has no adequate remedy at law. Unless the court restrains defendants from continuing these wrongful acts, the damage to Athena will increase.Through defendants' acts alleged in this complaint, Athena is suffering and will continue to suffer irreparable harm for which Athena has no adequate remedy at law. Unless the court restrains defendants from continuing these wrongful acts, the damage to Athena will increase.

## DEMAND FOR JUDGMENT

WHEREFORE, plaintiff Athena requests that this court issue judgment as follows:

1. Finding that defendants' use of the mark NEWVITALASH, NEWVITABROW and the Infringing Domain Names is likely to cause confusion, deception and mistake as to the source of the cosmetics with Athena's use of its REVITALASH and REVITABROW trademarks and, consequently, infringed Athena's registered trademark.

2. Preliminarily and permanently enjoining defendants, their officers, agents, servants, employees, and attorneys, assigns and all persons in active concert with or participation with it from:

   a. Using the REVITALASH and REVITABROW registered trademarks and all other trademarks owned by Athena recognized at common law;

   b. Using NEWVITALASH, NEWVITABROW or any other word, phrase or other designation that is confusingly similar to Athena's REVITALASH® or REVITABROW® trademarks alone or in combination with other words, as a trademark, trade name, service mark, component or otherwise, to advertise or identify defendants or cosmetics;

  c. Using any domain name or retaining the registration on any domain name that incorporates the words "newvitalash" "newvitabrow"or any other term that is confusingly similar to Athena's Marks;

  d. Otherwise infringing Athena's Marks;

  e. Unfairly competing with Athena in any manner whatsoever; or

  f. Causing a likelihood of confusion to Athena and its marks, symbols, labels, or forms of advertising or promotion.

 3. Awarding Athena damages in an amount to be proved but believed to be at least $100,000.

 4. Awarding Athena defendants' unjustly earned profits in an amount to be proved but believed to be at least $100,000.

 5. Awarding Athena enhanced damages (up to treble damages) for defendants' Lanham Trademark Act violations.

 6. Awarding Athena exemplary damages for defendants' California common law violations.

 7. Requiring defendants to deliver up to Athena's attorneys for destruction all products, literature, advertisements and other material bearing the infringing NEWVITALASH mark.

 8. Requiring defendants, within 30 days after the service of any judgment, to file with this court and serve upon Athena's attorneys, a written report under oath setting forth in detail the manner in which they have complied with the judgment;

 9. Ordering an accounting requiring defendants to pay to Athena the amount of profits defendants received as compensation for their infringement of Athena's trademarks, from defendants initial use of NEWVITALASH and NEWVITABROW until the date of judgment.

 10. Holding this case to be exceptional and awarding Athena its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

 11. Entering any other relief that the court deems proper.

October 18, 2013

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Athena Cosmetics, Inc.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury.

October 18, 2013

/s/ Marina Lang
Marina Lang
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Athena Cosmetics, Inc.